**FRANK A. WEISER**, State Bar No. 89780
Attorney at Law
3470 Wilshire Blvd., Suite 614
Los Angeles, California 90010
Telephone: (213) 384-6964
Facsimile: (213) 383-7368
E-Mail: maimons@aol.com

Attorney for Defendants
MOUNTAIN VIEW CENTERS, SMITA T. SANGHVI

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BASMA MAKHAMRE,<br><br>    Plaintiff,<br><br>v<br><br>MOUNTAIN VIEW CENTERS; SMITA T. SANGHVI; and DOES 1 through 250 inclusive.<br><br>    Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL FROM STATE COURT TO FEDERAL COURT** |

1

1. Defendants MOUNTAIN VIEW CENTERS, SMITA T. SANGHVI ("Defendants"), hereby remove to this Court the attached original state civil complaint entitled <u>Basma Makhamre v Mountain View Centers, Smita T. Sanghvi, and Does 1 through 250 inclusive</u>. Los Angeles Superior Court Case No. 24PSCV02943. A copy of the original civil complaint and answer filed by the defendant is attached hereto as Exhibit "A".

2. The action is a civil action commenced against the Defendants by the Plaintiff <u>Basma Makhamre</u> ("Plaintiff") against the Defendants for Wrongful Death regarding care for the Plaintiff's husband at the Defendants' Residential Care Facility for the Elderly located at 715 West Baseline Rpad, Claremont, CA 91711("Property").

3. Subject matter jurisdiction exists to remove the matter pursuant to 28 U.S.C. Section 1441©(1)(A), as the case is preempted under the Federal Arbitration Act, 9 U.S.C. Section 1, et seq. (" FAA''), as the United States Supreme Court has made clear that the FAA does not have to be mentioned in the contract or arbitration provision to apply and preempt state law. See <u>Mastrobuono v Shearson Lehman Hutton</u>, 514 U.S. 52, 62-64 (1995).

4. The United States Supreme Court has also made clear that the FAA applies to all written agreements to arbitrate disputes evidencing a transcaction "involving interstate commerce" which has the same meaning and reach of the United States Commerce Clause and applies to activity "within the flow of commerce." See <u>Allied-Bruce Terminix Cos. v Dobson</u>, 513 U.S. 265 (1999).

5. And even state statutes or state provisions that are generally applicable to contracts are preempted if they serve as an "obstacle to the accomplishment of the FAA's objectives. See AT & T Mobility LLC v Cencepcion, 562 U.S. 321 (2011); see also <u>Chamber of Commerce v Bonta</u>, 62 F.4th 473 (9th Cir. 2023) (deciding that FAA's preemption of California state law extends to the prevention and enforcement

of arbitration agreements).

6. The FAA has been held by the United States Supreme Cto be a small body of substantive law that applies to all written contracts evidencing a transaction "involving interstate commerce." See Southland Corp. v Keating, 465 U.S. 1 (1984).

7. The United States Supreme Court has held that the "involving commerce" language of Section 2 of the FAA does not mean "in commerce" (a narrow reading) but rather means "affecting commerce." See Allied-Bruce, 513 U.S. 265, 273-74 (1995) (holding that the FAA has the full reach of the U.S. Constitution's Commerce Clause and encompasses a wider range of activity than those "in commerce" and applies to activity :within the flow of interstate commerce"); see also Citizens Bank v Alfabco, 539 U.S. 52, 58 (2003) (reaffirming Allied-Bruce and holding that neither the parties' agreement nor underlying transaction need be "in interstate commerce," only the economic activity of the parties involved has to have some nexus to interstate commerce).

8. This case involving the Property (Mountain View Centers) affects interstate commerce.

9. Congress has recognized that services as treatment at "nursing facilities," also known as nursing homes or long-term care facilities are within its power to legislate under the Commerce Clause, and Congress has done so by an enactment of a wide variety of laws, including Medicaid, which is a cooperative federal-state program to "enable[e] each State . . . to furnish . . . medical assistance on behalf of families with dependent children and of aged, blind, or disabled individuals, whose income and resources are insufficient to meet the costs of necessary medical services." 42 U.S.C. Section 1396-1; see also Wilder v Va. Hosp. Ass'n, 496 U.S. 498, 502 (1990).

10. Among those services is treatment at nursing facilities. See 42 U.S.C. Section 1396d(a) see also Anderson v Ghaly, 930 F.3d 1066 (9th Cir. 2019) (holding that the Federal Nursing Reform Amendments' provisions requiring states to "provide for a fair mechanism . . . for hearing appeals or transfers and discharges of residents,"

at nursing facilities, created a statutory right enforceable under 42 U.S.C. Section 1983). .

11. Federal civil rights statutes the Congress enacted under its Commerce Clause power under the United States Constitution, Article 1, Section 8, Clause 3, allows it to do so because such commercial activity affects interstate commerce.

12. Congress has enacted numerous civil rights statutes under its Commerce Clause power such as 42 U.S.C. Section 1982 prohibits nongovernmental discrimination in the ownership or leasing of rental property based on race or religion, the Federal Fair Housing Act, 42 U.S.C. Section 3604©, prohibiting private and non governmental discrimination in the renting of real property.

13. Congress has also enacted 18 U.S.C. Section 844(j) which makes it a federal crime to maliciously damage or destroy by means of fire or an explosive, any building used in interstate commerce or foreign commerce.

14. In Russell v United States, 471 U.S. 858, 862 (1985), the United States States Supreme Court held that the rental of real estate is an activity that affects interstate commerce and falls within the scope of 18 U.S.C. Section 844(j).

15. Therefore, the admission, and written agreement, of the Plaintiff into the Property for care services in question clearly affects interstate commerce and is within the scope of the FAA. See Hopkins v Walker, 244 U.S. 486, 489 (1917) (federal jurisdiction was proper because "it [was] plain" that the case involved "a controversy respecting the **construction and effect** of" federal mining laws).

16. Congress intended by the enactment of the FAA to substitute a state law cause of action by arbitration for all cases falling within the scope of the FAA.

17. Further, the federal question of the application of the FAA in this case, a quintessential federal question that is inextricably bound with the face of the complaint. See Gunn v Minton, 568 U.S. 251, 260 (federal question jurisdiction focuses on requirement whether a case "turn[s] on substantial questions of federal law."); see also Smith v Kan. City Title & Tr. Co., 255 U.S. 180, 201 (1921) (an issue has such

importance when it raises substantial questions as to the interpretation or validity of a federal statute).

18. The removal of this action is timely as it is made within thirty (30) days from when the Defendants discovered, based upon its own investigation, that the case is removeable. See Roth v Cha Hollywood Med. Ctr., L.P., 720 F.3d 1121, 1123-26 (9th Cir. 2013).

19. Wherefore for the reasons above, Defendants hereby remove this case from the Superior Court of the State of California for the County of Los Angeles to this federal district court.

Dated: July 7, 2025              LAW OFFICES OF FRANK A. WEISER

                                 By: /s/ Frank A. Weiser
                                 _____
                                 FRANK A. WEISER, Attorney for
                                 for Defendants MOUNTAIN VIEW
                                 CENTERS, SMITA T. SANGHVI

**DEMAND FOR JURY TRIAL**

Defendants hereby demand a jury trial pursuant to F.R.C.P. 38.

Dated: July 7, 2025              LAW OFFICES OF FRANK A. WEISER

                                 By: /s/ Frank A. Weiser
                                 _____
                                 FRANK A. WEISER, Attorney for
                                 for Defendants MOUNTAIN VIEW
                                 CENTERS, SMITA T. SANGHVI